UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JEWEL CARPENTER and | * | CIVIL ACTION |
| JOYCE CARPENTER | * | CASE NO. 06-8456 |
| vs. | * | SECT. "L" |
| | * | JUDGE FALLON |
| STATE FARM FIRE INSURANCE | * | |
| COMPANY | * | MAG. DIV. 2 |
| | * | MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY
AND FOR FEES AND COSTS
AGAINST DEFENDANT STATE FARM FIRE INSURANCE COMPANY**

**MAY IT PLEASE THE COURT:**

Plaintiffs Jewel and Joyce Carpenter, through undersigned counsel, respectfully submit this memorandum in support of their motion to compel discovery and for fees and costs against defendant State Farm Fire Insurance Company pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.

In the motion, the Carpenters move the Court for an order compelling State Farm to respond to requests for production of documents under Rule 34, to produce witnesses for depositions under Rule 30, and to provide verification of answers to interrogatories under Rule 33 and under a prior Order of this Court (Record Doc. No. 172). The Carpenters also pray for an order requiring State Farm to pay to the Carpenters the reasonable expenses incurred in obtaining the order compelling discovery, including attorney fees and court costs, under Rule 37(b) and (d).

*1.    State Farm Has Failed and Refused to Respond to the Carpenters' Second Requests for Production of Documents as Agreed During Counsel's Rule 37.1E Conference*

The Carpenters served their second request for production of documents, comprising three requests for documents relating to contractor overhead and profit following Hurricanes Katrina and Rita, on May 31, 2007 (Ex. A). At a hearing held on September 9, 2009 on the Carpenters' motion for leave to serve additional interrogatories (Record Doc. No. 160), the Court ordered counsel "to confer immediately in person to attempt to resolve or narrow their dispute" regarding discovery (Record Doc. No. 172). At that time undersigned counsel conferred in good faith with State Farm counsel Burt Carnahan and took contemporaneous notes of the items discussed and agreements reached by counsel during the conference (Ex. B). Those notes accurately reflect, and undersigned counsel hereby certifies to the Court, that during the conference undersigned counsel and Mr. Carnahan agreed that State Farm would respond to the Carpenters' second request for production of documents by producing "Documents related to contractor O&P from Katrina" (Ex. B).

On September 16, 2009, State Farm served the following sham response to the Carpenters' second request for production of documents:

<u>RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1, 2, AND 3:</u>

Per agreement of counsel following the hearing with Magistrate Wilkinson on September 9, 2009, State Farm responds to the Plaintiffs' Request for Production as follows:

Overhead and Profit is calculated as 10% each on the material total of the estimate.

-2-

(Ex. C). This response is not in accordance with the agreement of counsel following the hearing on September 9, 2009 (Ex. B).

Pursuant to the agreement of counsel, State Farm should have served a written response stating that all documents related to contractor overhead and profit from Katrina would be produced, and it should have produced those documents (Ex. B). That is exactly what this Court should order State Farm to do. F.R.C.P. 37(d). Furthermore, because State Farm's failure and refusal to respond to the Carpenters' second request for production as agreed is unjustified and wilful, the Court should award the Carpenters costs and reasonable attorney fees. *Id.*

> **2.   *State Farm Has Failed and Refused to Respond to the Carpenters' Supplemental Request for Production of Documents as Agreed During Counsel's Rule 37.1E Conference or Otherwise***

The Carpenters served their supplemental request for production of documents on August 21, 2009 (Ex. D). Unlike the Carpenters' supplemental interrogatories, the Carpenters' supplemental request for production did not require State Farm's consent or leave of court to be served. *See* F.R.C.P. 33(a)(1); Local Civil Rule LR33.1E. Accordingly, after the Court's ruling in open court at the September 9, 2009 hearing on the Carpenters' motion for leave to serve additional interrogatories, undersigned counsel conferred in good faith with Mr. Carnahan regarding State Farm's proposed response to each of the 24 requests comprising the Carpenters' supplemental request for production (Record Doc. No. 172; Ex. D). Undersigned counsel's contemporaneous notes of the conference reflect the agreement of counsel regarding State Farm's proposed response

to each request, and undersigned counsel hereby certifies to the Court that those notes are true and correct (Ex. B).

State Farm's response to the Carpenters' supplemental request for production became due on September 21, 2009 (Ex. D). On that date, undersigned counsel wrote to Mr. Carnahan:

> What are your intentions with regard to the most recent set of RFP's we went through in Mag. Wilkinson's courtroom? They would be due today, and we already have had our Rule 37 conference. Thanks.

(Ex. E). Mr. Carnahan replied:

> Per our discussion after the hearing, magistrate Wilkinson ruled that your discovery motion was denied. State Farm is not required to repond to that discovery.

(Ex. F). However, as undersigned counsel's contemporaneous notes of the discussion after the hearing reflect, undersigned counsel and Mr. Carnahan did not believe that this Court had ruled that State Farm was not required to respond to the Carpenters' supplemental request for production (Record Doc. No. 172; Ex. D). If undersigned counsel and Mr. Carnahan had believed that, then why did they discuss State Farm's proposed response to each of the Carpenters' 24 supplemental requests (*id.*)?

Of course, this Court did not rule at any time that State Farm was not required to respond to the Carpenters' supplemental request for production. At the hearing on September 9, 2009, this Court only denied the Carpenters' motion for leave to serve additional interrogatories, ordered the parties to confer, and ordered State Farm to perform specified acts (Record Do. No. 172). State Farm's failure to respond to the Carpenters' supplemental request for production therefore violates

Rule 37(d) and is unjustified and wilful, and this Court should order relief pursuant to that rule accordingly. F.R.C.P. 37(d).

### 3. *State Farm Has Failed and Refused to Produce Its Listed Witnesses for Depositions*

On July 6, 2009, undersigned counsel wrote to counsel for State Farm: "I would ask that you please provide me with some deposition dates for: Laura Triay, Jonathan Ulery and Eli Krebs. Thank you" (Ex. G). Receiving no response, undersigned counsel repeated the request on July 13, 2009, to which a State Farm legal assistant, Lizz Llanes, replied that she "should have available dates for you in the next couple of days" (*id.*). On July 15, 2009, Ms. Llanes wrote in pertinent part:

> Mr. Trahant, please be advised that we will be unable to provide dates for the deposition of Jonathan Ulery as we have no contact information for him. . . . In regards to Eli Krebs, I have not heard back from him yet regarding his availability.
> . . .

(*id.*).

The Carpenters subsequently deposed Ms. Triay, but State Farm has never provided dates for either Jonahan Ulery or Eli Krebs, despite the fact that both of these individuals are listed in State Farm's witness lists filed on January 3, 2008 and August 1, 2009 (Record Doc. Nos. 51, 159). This Court therefore should order State Farm to produce these witnesses for deposition or be precluded from calling them as witnesses at trial. F.R.C.P. 37(d).

### 4. *State Farm Has Failed and Refused to Provide a Verification of Its Previous Interrogatory Answers as Previously Ordered*

In the Order dated September 9, 2009, this Court ordered State Farm "to provide . . . a verification of previous interrogatory answers within seven (7) days" (Record Doc No. 172). At that

-5-

time, the only previous interrogatory answers were those State Farm served on January 7, 2007 and July 5, 2007 (Ex. H, I). On September 15, 2009, undersigned counsel reminded counsel for State Farm in writing "that State Farm has until tomorrow to produce a verification for previous discovery responses . . . ," which counsel for State Farm ignored in a reply the same day (Ex. J, K).

Suffice it to say, State Farm has failed and refused to provide a verification of either of its previous interrogatory answers served on January 7, 2007 and July 5, 2007 (Ex. H, I). Once again, therefore, this Court should order State Farm to provide verifications of its previous interrogatory answers, and because State Farm's violation of the Court's previous Order is unjustified and wilful, the Court should also award costs and reasonable attorney fees to the Carpenters (Record Doc. No. 172). *See also* F.R.C.P. 33(b)(3) and (5); F.R.C.P. 37(b).

    ***5.    State Farm Has Failed and Refused to Provide a Verification of Its Amended Answers to the Carpenters' First Set of Interrogatories***

At the time of the hearing on September 9, 2009, undersigned counsel and Mr. Carnahan agreed State Farm would serve amended answers to the Carpenters' first set of interrogatories as reflected in undersigned counsel's contemporaneous notes of the conference (Ex. B). State Farm served the amended answers on September 16, 2009 (Ex. C), but even though the Court had just ordered it "to provide . . . a *verification* of previous interrogatory answers" (Record Doc. No. 172) (emphasis added), State Farm failed to provide a verification of its amended answers to the first set of interrogatories (Ex. C). *See* F.R.C.P. 33(b)(3) ("Each interrogatory shall be answers separately and fully in writing *under oath*") (emphasis added). *See Stiward v. U.S.*, 2007 WL 2417382, p.*3

(E.D. La. 2007) (noting the purpose of verification requirement is "so that the responding party is bound by its answer and the answer can be introduced into evidence").

Here, State Farm's amended answers include only a signed statement that they are "signed by" a State Farm claims representative, but no oath or verification (Ex. C). This Court therefore should order State Farm to provide a proper verification of its amended answers to the Carpenters' first set of interrogatories, F.R.C.P. 33(b)(3), and should award costs and reasonable attorney fees to the Carpenters due to State Farm's unjustified, wilful, and repeated failure and refusal to comply with Rule 33(b)(3). F.R.C.P. 37(d).

## *Conclusion*

For these reasons, the Carpenters respectfully pray that the Court grant their motion to compel discovery and for fees and costs against State Farm in its entirety.

**RESPECTFULLY SUBMITTED,**

*/s/ Richard C. Trahant*

**RICHARD C. TRAHANT (Bar No. 22653)
ATTORNEY AT LAW
2908 Hessmer Avenue
Metairie, LA 70002
Telephone: (504) 780-9891
Facsimile: (504) 780-9891
Email: trahant@cavtel.net**

**- and -**

        **JOHN H. DENENEA, JR.  ( Bar No. 18861)**
        **BRIAN G. SHEARMAN (Bar No. 19151)**
        **SHEARMAN - DENENEA, L.L.C.**
        **4240 Canal Street**
        **New Orleans, Louisiana 70119**
        **Telephone:  (504) 304-4582**
        **Facsimile:  (504) 304-4587**
        **Email: jdenenea@midcitylaw.com**

        - and -

        **JACK E. MORRIS (Bar No. 22539)**
        **ATTORNEY AT LAW**
        **4051 Veterans Memorial Boulevard, Suite 208**
        **Metairie, LA 70002**
        **Telephone: (504) 454-2769**
        **Facsimile: (504) 454-3855**
        **Email: jem@jemorrislaw.com**

        *ATTORNEYS FOR PLAINTIFFS*
        *JEWEL CARPENTER AND JOYCE CARPENTER*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2009 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those participants in the CM/ECF filing system.

        /s/ *Richard C. Trahant*
        _____
        **RICHARD C. TRAHANT**