29.069006

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEWEL CARPENTER AND** | * | CIVIL ACTION NO. 06-8456 |
| **JOYCE CARPENTER** | * | |
| | * | SECTION: L |
| VS | * | |
| | * | MAGISTRATE DIV. 2 |
| **STATE FARM INSURANCE** | * | |
| **COMPANY** | * | HON. JUDGE: FALLON |
| | * | |
| | * | HON.    MAG.    JUDGE: |
| | * | WILKINSON |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### STATE FARM FIRE AND CASUALTY COMPANY'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT
### AS TO CERTAIN ADDITIONAL LIVING EXPENSE CLAIMS

**NOW INTO COURT**, through undersigned counsel, comes Defendant State Farm Fire and Casualty Company ("State Farm"), which submits this Motion for Partial Summary Judgment as to Certain Additional Living Expense Claims.

Plaintiffs allege they are owed additional living expenses ("ALE") under "Coverage C" of their homeowners policy, which provides insurance coverage "[w]hen a Loss Insured causes the residence ***to become uninhabitable***." (*See* R. Doc 189, Ex. A at p. 4 - Pl. Homeowners Policy (emphasis added).)

Plaintiffs, however, returned and resettled in their home just a few weeks after Hurricane Katrina. Moreover, Plaintiffs concededly lived there through at least December 2005. Moreover, Plaintiffs later resettled in April 2006 to West Monroe, Louisiana.

Plaintiffs' Homeowners Policy No. 18-51-4640-8 provides additional living expense ("ALE") coverage under Coverage C only "[w]hen a Loss Insured causes the residence premises to become **uninhabitable**." (*See* R. Doc 189, Ex. A at p. 4 - Homeowners Policy (emphasis added).) "[B]y definition, to be un-inhabitable (or unfit to live in), the home would have to have been unable to be lived in by the plaintiffs." *Williams v. Auto Club Family Ins. Co.*, No. 06-4829, 2007 WL 2436680, at *3 (E.D. La. Aug. 22, 2007). Accordingly, Plaintiffs may not recover ALE allegedly incurred when they actually resided in their house.

Plaintiffs' Homeowners Policy No. 18-51-4640-8 further provides that ALE coverage under Coverage C is "for the shortest time required (a) to repair or replace the premises or (b) *for your household to settle elsewhere*, but not to exceed 12 months." *See* R. Doc 189, Ex. A at p. 4 - Homeowners Policy (emphasis added).) Therefore, Plaintiffs also may not recover any ALE allegedly incurred after they resettled in April 2006 to West Monroe, Louisiana.

**WHEREFORE**, defendant, State Farm prays that this Court grant its motion for partial summary as to Plaintiffs' claim for certain additional living expenses and enter an Order providing (i) that Plaintiffs may not recover ALE allegedly incurred when they actually resided in their house, and (ii) that Plaintiffs may not recover any ALE allegedly incurred after they settled in West Monroe.

Respectfully submitted:

s/ Tara L. Mason
_____
BURT K. CARNAHAN, #3920
TARA L. MASON, #24544
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
THE TEXACO CENTER, SUITE 2300
400 POYDRAS STREET
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290

*and Co-Counsel:*

DAVID V. JONES, #1086925
JONES ANDREWS & ORTIZ
10100 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 344-3900    Fax (210) 366-4301
**Attorneys for State Farm Fire and Casualty Co.**

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that I have on this ___20th_____ day of October, 2009, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Richard C. Trahant:    trahant@cavtel.net
Jack E. Morris:    jem@jemorrislaw.com
John Denenea, Jr.:    jdenenea@midcitylaw.com

s/ Tara L. Mason_____