29.069006

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEWEL CARPENTER AND JOYCE CARPENTER** | * * * | CIVIL ACTION NO. 06-8456 |
| | * | SECTION: L |
| VS | * | |
| | * | MAGISTRATE DIV. 2 |
| **STATE FARM INSURANCE COMPANY** | * * | HON. JUDGE:  FALLON |
| | * | |
| | * * | HON. MAG. JUDGE: WILKINSON |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### STATE FARM FIRE AND CASUALTY COMPANY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO CERTAIN ADDITIONAL LIVING EXPENSE CLAIMS

**NOW INTO COURT**, through undersigned counsel, comes State Farm Fire and Casualty Company ("State Farm"), who respectfully submits this Reply Memorandum of Law in Further Support of Its Motion for Partial Summary Judgment as to Plaintiffs' claims for certain additional living expenses ("ALE").

**I.   PLAINTIFFS MAY NOT RECOVER ALE ALLEGEDLY INCURRED WHEN THEY ACTUALLY LIVED IN THEIR HOUSE**

Plaintiffs do not dispute in their Opposition that they have the burden of proving that their home was rendered uninhabitable by wind damage or another loss insured by their homeowners policy.  Nor do they dispute that Plaintiffs actually resided in their home after Hurricane Katrina.  Rather, Plaintiffs attempt to avoid summary judgment by arguing that "the home was uninhabitable even during the time the Carpenters attempted to stay in it." (Dkt. 195 ("Pl. Opp.") at 2.)  But Plaintiffs do not explain how their home could be "uninhabitable" when

Plaintiffs actually inhabited it. "[B]y definition, to be un-inhabitable (or unfit to live in), the home would have to have been unable to be lived in by the plaintiffs." *Williams v. Auto Club Family Ins. Co.*, No. 06-4829, 2007 WL 2436680, at *3 (E.D. La. Aug. 22, 2007). Plaintiffs concede that they returned to their house in September 2005 and lived there through at least December 2005. Accordingly, Plaintiffs may not recover ALE allegedly incurred when they actually resided in their house.

## II. PLAINTIFFS ARE NOT ENTITLED TO ALE AFTER THEY RESETTLED IN WEST MONROE

Plaintiffs admit that they purchased and moved to a new home in West Monroe in April 2006. (*See* Pl. Opp. at 3-4.) Unable to rebut the fact that their homeowners policy plainly does not provide ALE benefits after Plaintiffs "settle[d] elsewhere," (*see* Pl. Homeowners Policy at 4, Dkt. 189-4 at 9), Plaintiffs instead argue that the relevant policy provision is a "resolutory condition" that should be disregarded because of State Farm's alleged "bad faith breach." (Pl. Opp. at 4-6.) Plaintiffs are wrong on both the facts and the law.

Plaintiffs contend that "State Farm's bad faith claim adjusting forced the Carpenters to relocate to West Monroe." (Pl. Opp. at 6.) Mrs. Carpenter alleged that if State Farm had "'given [Plaintiffs] money to fix up the house within the first four months, [they] would have fixed up the house, and . . . would have stayed right there.'" (Pl. Opp. at 5 (quoting deposition).) The issue of bad faith is not presently before this Court. For the purposes of this motion, however, it is notable that Plaintiffs do not dispute that *they repeatedly refused to allow State Farm to inspect their home* – thereby breaching their post-loss duties, which are conditions precedent to any recovery even for covered losses. (*See* Homeowners Policy at 12-13, Dkt. 189-4 at 17-18.) Indeed, in State Farm's opening memorandum, State Farm demonstrated that it attempted to inspect Plaintiffs' house at least twice, but both times were rebuffed by Plaintiff Jewel Carpenter.

2

(*See* Dkt. 190-2 ("SF Mem.") at 3-4.)  Mr. Carpenter promised to contact State Farm when he obtained estimates of his house, but he never did.  Thus, Plaintiffs' allegations of bad faith fall flat.  *See, e.g.*, *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 299 (5th Cir. 2009) ("[A]n insured who fails to provide his insurer with information required to process his claim cannot then claim the insurer acted arbitrarily in delaying payment."); *Tardo v. State Farm Fire and Casualty Co.*, No. 08-1165, 2009 WL 1804762 (E.D. La. June 19, 2009) (Africk, J.) ("In light of State Farm's contention that plaintiffs never, prior to the filing of this lawsuit, submitted any information showing that they were entitled to additional benefits or that they requested the same, plaintiffs cannot survive summary judgment solely by offering evidence of conduct that they contend was arbitrary and capricious.  Plaintiffs must also offer evidence that they apprised State Farm of the extent of their wind-caused damage." (footnote omitted)).  Plaintiffs simply elide over the undisputed fact that they explicitly told State Farm not to adjust their claim.  Louisiana law does not force State Farm to choose between bad faith and trespass.

In any event, Plaintiffs' unsupported bad faith allegations do not preclude summary judgment in this case.  Plaintiffs argue that the "settle[d] elsewhere" clause is a "resolutory condition," *see* La. Civ. Code art. 1767, and that this Court may ignore the clause because "[a] resolutory condition that depends **solely on the will of the obligor** must be fulfilled in good faith."  La. Civ. Code art. 1770 (emphasis added).[1]  Even assuming that this clause can be construed as a "resolutory condition," *see, e.g.*, *Barrera v. Ciolino*, 92-2844 (La. 5/05/94), 636 So. 2d 218, 221 n.9 ("Because terminating the allowance of name use does not dissolve the sale, the clause was not a resolutory condition."), it is patent that Article 1770 does not apply because

---

[1] A "resolutory condition" is simply a condition subsequent.  *See Campbell v. Melton*, 2001-2578, p. 9 n.6 (La. 5/14/02), 817 So. 2d 69, 77 n.6.

the "settle[d] elsewhere" clause does not "depend[] *solely* on the will of" State Farm. La. Civ. Code art. 1770 (emphasis added). To the contrary, the decision to resettle in West Monroe (as opposed to, for example, permitting State Farm to inspect their property and adjust their claim, or temporarily moving to a hotel) was *Plaintiffs'* sole decision. State Farm did not force Plaintiffs to buy a house in West Monroe. Indeed, State Farm was not even aware of Plaintiffs' plans to relocate, as Plaintiffs would not even permit State Farm to inspect their property. Plaintiffs' attempt to avoid the unambiguous contractual limitations of their policy must fail.

Plaintiffs also argue that summary judgment is inappropriate because "the evidence raises genuine issues of material fact as to whether . . . the Carpenters planned to stay permanently in West Monroe in April 2006." (Pl. Opp. at 6.) Plaintiffs cannot seriously dispute that where, as here, they (i) purchased a home, and (ii) moved to that home, that they have "settle[d]" there. *See Thomas v. Mich. Basic Prop. Ins. Ass'n*, No. 226517, 2002 WL 227015, at *3 (Mich. Ct. App. Feb. 12, 2002) ("By the time the Thomases found their new home on Robson and acquired their mortgage, they had 'settled' there."). Even if it were relevant (and it is not), Plaintiffs have submitted no summary judgment evidence suggesting that they only intended to temporarily move to West Monroe (despite purchasing a home there and remaining there for over three years). Plaintiffs' burden on summary judgment "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal quotation marks, citations omitted). Because that is all Plaintiffs offer in their Opposition, Plaintiffs may not recover any ALE allegedly incurred after they settled in West Monroe.

## **CONCLUSION**

For all the foregoing reasons and for the reasons in State Farm's opening memorandum, State Farm respectfully requests that this Court grant State Farm's Motion for Partial Summary Judgment as to Plaintiffs' claim for certain additional living expenses and enter an Order providing (i) that Plaintiffs may not recover ALE allegedly incurred when they actually resided in their house, and (ii) that Plaintiffs may not recover any ALE allegedly incurred after they settled in West Monroe.

Respectfully submitted:

s/ Tara L. Mason

_____
BURT K. CARNAHAN, #3920
TARA L. MASON, #24544
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
THE TEXACO CENTER, SUITE 2300
400 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130
(504) 586-9292   FAX (504) 586-1290

*and Co-Counsel:*

DAVID V. JONES, #1086925
JONES ANDREWS & ORTIZ
10100 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 344-3900     Fax (210) 366-4301
***Attorneys for State Farm Fire and Casualty Co.***

## CERTIFICATE OF SERVICE

  I do hereby certify that I have on this __3rd_____ day of November, 2009, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

  Richard C. Trahant: trahant@cavtel.net
  Jack E. Morris:  jem@jemorrislaw.com
  John Denenea, Jr.: jdenenea@midcitylaw.com

         s/ Tara L. Mason